1  **Michael R. Totaro (102229)**
   **Totaro & Shanahan**
2  **P.O. Box 789**
3  **Pacific Palisades, CA 90272**
   **310 573 0276 (v) 310 496 1260 (f)**
4  **Mtotaro@aol.com**
   **Attorneys for the Debtor/Debtor in Possession**
5

6

7

8

9              **UNITED STATES BANKRUPTCY COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

11  In re:                              )   **Case No.  8:12-bk-13144-MW**
                                        )
12  Hector Antonio Alvarado,            )
                                        )   **Chapter 11**
13                                      )
                                        )
14                                      )   **PROPOSED FOURTH AMENDED**
                                        )   **CHAPTER 11 PLAN OF**
15        Debtor/Debtors in Possession. )   **REORGANIZATION**
                                        )
16                                      )   **DATED: September 25, 2013**
                                        )
17                                      )
                                        )   **Confirmation Hearing**
18                                      )
                                        )   **Date:  October 2, 2013**
19                                      )   **Time:  2:00 pm**
                                        )   **Ctrm:  6C**
20  _____)   **Place: 411 W. Fourth St. Santa Ana, CA**

21

22      This Fourth Amended plan of reorganization (the "Plan") under Chapter 11 of 11

23  U.S.C. §§ 101 et seq. (the "Bankruptcy Code") provides for the restructuring of the

24  debts of the above-named Debtor(s) (collectively "Debtor"). If confirmed, the Plan will

25  bind all creditors provided for in the Plan, whether or not they file a proof of claim,

26  accept the Plan, object to Confirmation, or have their claims allowed. All Creditors

27  should refer to Articles I-IV of this Plan for the precise treatment of their claims. A

28  disclosure statement (the "Disclosure Statement") that provides additional information

is being served with this Plan. The Disclosure Statement is explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

## Article I

## Treatment of Unclassified Claims

Holders of priority tax claims are entitled to priority under § 507(a)(8). Such claims shall be paid in full over five years from the effective date of the plan absent an objection from the creditor with 3% interest in equal monthly amortized payments according to § 511 of the Bankruptcy Code. The total priority claims are $67,573.18 paid over 60 months at $1,214.20 a month

## Article II

## Classification and Treatment of Claims

**Class 1: Priority Claims.**

There are no claims in this section.

**Class 2: Secured Claims On Debtor's Principal Residence.**

**A**. Unimpaired secured claims on Debtor's principal residence.

There are no unimpaired claims under this section.

**B**. Impaired secured claims on Debtor's principal residence.

There are no impaired claims under this section.

**Class 3: Unimpaired secured claims on property other than the Debtor's principal residence.**

Claim of Gerald Haendiges

11839 Loma Dr. Whittier, CA

| | |
|---|---|
| Amount Owed: | $271,000.00 |
| Payment: | 1,500.00 |
| Interest: | -0- |

Lien:  Third and Retained.

This is a third trust deed on the property. The parties have agreed that Lender will be paid principle only payments of $1,500 a month until the loan is fully paid.

**Class 4: Unimpaired secured claims on Collateral to be Surrendered by Debtor.**

There are no claims under this class.

**Class 5: Impaired secured claims.**

The following classes include claims secured by a lien on other property in which Debtor has an interest, other than the secured claims in Class 2 and the unimpaired secured claims in Classes 3 and 4.

The following chart lists Class 5 claims and their proposed treatment under the Plan:

**Class 5(a):** Secured claim of:     Los Angeles Tax Collector

Description of collateral:  Philadelphia, Ditman, 85th, Loma

| | |
|---|---|
| Priority of lien: | Retained |
| Total amount of allowed claim: | $83,763.92 |
| Amount of arrearages: | $83,763.92 |
| Regular monthly payment: | $2,127.05 |
| Interest Rate: | 18% |
| Total Payments: | $127,623.00 |
| Payments: | 10/1/2013 to 9/1/2018 |

This class is impaired as it pays the taxes over 60 months at the statutory rate of interest instead of paying them in full on the effective date. Debtor agrees to provide Security Lending, LTD with evidence of payment of arrearage to the Los Angeles

County Tax Collector for taxes on the Ditman and Loma collateral simultaneously when paid.

**Class 5(b):** Secured claim of:        Opus Bank/Security Lending LTD.

Description of collateral:
11839 Loma Dr. Whittier, Ca

| | |
|---|---|
| Priority of lien: | First and Retained |
| Total amount of allowed claim: | $1,370,390.73 |
| Amount of arrearages: | $0 |
| Regular monthly payment: | $7,789.64 |
| Interest Rate: | 4.5% |
| Total Payments: | $2,237,656.32 |
| Payments:        10/1/2013 to 9/1/2037 | |

This class is impaired as it reduces the interest rate to 4.5%. By agreement with the lender the maturity date is not extended. All taxes and insurance will be the sole responsibility of the borrower. All insurance policies must show the lender as the loss payee and the borrower must provide lender with proof of timely and full payment of insurance and taxes so that proof of payment is received by lender no later than 5 days following payment due date. Debtor will refinance the loan prior to its maturity date. As to this creditor, except as otherwise set forth in Classes 5(b) and 5(c), all of the terms and obligations under the original note, deed of trust and ancillary loan documents are incorporated herein, including any default and cure provisions, and control over the terms of this Plan and remain in full force and effect.

4

**Class 5(c):** Secured claim of:  Opus Bank/Security Lending LTD

Description of collateral:
1151 N. Ditman, LA, CA

| | |
|---|---|
| Priority of lien: | First and Retained |
| Total amount of allowed claim: | $401,050.88 |
| Amount of arrearages: | $0 |
| Regular monthly payment: | $2,279.67 |
| Interest Rate: | 4.5% |
| Total Payments: | $656,544.96 |

Payments:        10/1/2013 to 9/1/2037

This class is impaired as it reduces the interest rate to 4.5%. By agreement with the lender the maturity date is not extended.  All taxes and insurance will be the sole responsibility of the borrower. All insurance policies must show the lender as the loss payee and the borrower must provide lender with proof of timely and full payment of insurance and taxes so that proof of payment is received by lender no later than 5 days following payment due date. Debtor will refinance this loan prior to its maturity date.  As to this creditor, except as otherwise set forth in Classes 5(b) and 5(c), all of the terms all of the terms and obligations under the original note, deed of trust and ancillary loan documents are incorporated herein, including any default and cure provisions, and control over the terms of this Plan and remain in full force and effect.

**Class 5(d):** Secured claim of:   Ocwen Loan Servicing (first mortgage)

Description of collateral:
12501 Philadelphia, Whittier, Ca

| | |
|---|---|
| Priority of lien: | First and Retained |
| Total amount of allowed claim: | $651,928.37 |
| Regular monthly payment: | $4,578.15 |

Interest Rate:                                    4.5%

Total Payments:                                   $933,942.60

Payments:        4/1/2013 to 3/1/2030

This class is impaired as it reduces the interest rate and puts any arrearage in the principal balance.  The maturity date of the loan has not been extended. Taxes and insurance will be paid by Debtor directly.

**Class 5(e):** Secured claim of:   Wells Fargo Bank, NA (Second Mortgage)

Description of collateral:
        12501 Philadelphia, Whittier, Ca

Priority of lien:                                 Second and Retained

Total amount of allowed claim:                    $113,071.63

Amount of arrearages:                             $ 0

Regular monthly payment:                          $923.89

Interest Rate:                                    5.5%

Total Payments:                                   $166,300.20

Payments:        4/1/2013 to 3/1/2028

This class is impaired as it reduces the second mortgage to the market value and changes the interest rate and term. Lender will have a secured claim for $113,071.63 and an unsecured claim for $376,667.77.

**Class 5(f):** Secured claim of: Wells Fargo Bank, NA

Description of collateral:
        3217 Folsom St. LA, CA

Priority of lien:                                 First and Retained

Total amount of allowed claim:                    $265,000.00

| | |
|---|---|
| Amount of arrearages: | $44,118.40 |
| Regular monthly payment: | $1,342.72 |
| Interest Rate: | 4.5% |
| Total Payments: | $483,379.20 |
| Payments:       4/1/2013 to 3/1/2043 | |

This claim is on the first mortgage and is impaired since it reduces the principal balance to the market value, lowers the interest rate and puts the arrearage within the unsecured class. Taxes and insurance in the amount of $652.44 will be impounded. Lender shall have a secured loan in the amount of $265,000 and an unsecured loan in the amount of $187,243.98 to be paid pro rata with the remaining unsecured creditors.

**Class 5(g):** Secured claim of: Pacific Western Bank

Description of collateral:
644-646 E. 85th St. LA, CA

| | |
|---|---|
| Priority of lien: | First and Retained |
| Total amount of secured claim: | $156,721.00 |
| Regular monthly payment: | $1,739.92 |
| Interest Rate: | 6.0% |
| Total Payments: | $208,790.40 |
| Payments:       4/1/2013 to 3/1/2016 | |

This class is impaired as it reduces the interest rate, amortizes the loan over 10 years, due and payable in 3 years. Taxes and insurance will be paid by debtor directly.

1  **Class 5(h):** Secured claim of:    JP Morgan Chase

2  Description of collateral:
3      11210 Newgate Ave. Whittier, CA

4  Priority of lien:                                    First and Retained

5  Total amount of allowed claim:              $285,000

6  Amount of arrearages:                         $ -0-

7  Regular monthly payment:                    $1,529.94

8  Interest Rate:                                      5%

9  Total Payments:                                  $550,778.40

10  Payments:        8/1/2013 to 7/1/2043

11      This claim is on the first mortgage and is impaired since it reduces the principal

12  balance to the market value, lowers the interest rate and puts the arrearage within the

13  unsecured class. Taxes are impounded and insurance is being paid directly by debtor

14  Lender shall have a secured loan in the amount of $265,000 and an unsecured loan in

15  the amount of $90,957.32 to be paid pro rata with the remaining unsecured creditors.

16      The exact terms of the stipulation are as follows:

17

18      1.      Creditor shall have a secured claim in the amount of $285,000 (the "Secured

19  Claim") to be amortized over 30 years at 5% per annum.

20      2.      Debtor shall tender regular monthly principal and interest payments in the sum

21  of $1,529.94, commencing on August 1, 2013, and continuing until July 1, 2043, when all such

22  outstanding amounts under the Secured Claim are to be paid in full. All payments made under

23  this Stipulation will be credited to the outstanding balance due under the Secured Claim.

24      3.      The loan will remain escrowed for taxes and Creditor will establish an escrow

25  account for all taxes on the Property advanced by Creditor.

26      4.      Debtor shall maintain insurance for the Property and provide proof of said

27  insurance to Creditor upon request on a timely basis.

28      5.      Except as otherwise expressly provided herein, all remaining terms of the Note

8

and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

6.    The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

7.    The terms of this Stipulation may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon without the express written consent of the Creditor. The terms of this Stipulation shall be incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization.

8.    In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note and shall not be bound by the terms of this stipulation.

If the Amended Chapter 11 plan is not at variance with this stipulation, in return for the above, Creditor agrees to vote for the plan and this stipulation may be used as a ballot in favor of the secured and unsecured classes.

**Class 5(i):** Secured claim of: One West Bank, FSB

Property address or description of collateral:
8123 Newcastle Dr. Whittier, CA

| | |
|---|---|
| Priority of lien: | First and Retained |
| Total amount of allowed claim. | $979,000.00 |
| Amount of arrearages: | $69,273.66 |
| Regular Monthly Payment: | $5,255.48 |
| Interest rate: | 5% |
| Total payments: | $1,891,972.80 |

Payments:    8/1/2013 to 7/1/2043

This claim is on the first mortgage and is impaired since it reduces the principal balance to the market value, lowers the interest rate and puts the arrearage within the unsecured class. Taxes are impounded and insurance is being paid directly by debtor.

1  Lender shall have a secured loan in the amount of $979,000.00 and an unsecured loan

2  in the amount of $280,622.75 to be paid pro rata with the remaining unsecured

3  creditors.

4      The exact terms of the stipulation are as follows:

5      9.    Creditor shall have a secured claim in the amount of $979,000.00 (the "Secured

6  Claim") to be amortized over 30 years at 5% per annum.

7      10.   Debtor shall tender regular monthly principal and interest payments in the sum

8  of $5,255.48, commencing on August 1, 2013, and continuing until July 1, 2043, when all such

9  outstanding amounts under the Secured Claim are to be paid in full. All payments made under

10  this Stipulation will be credited to the outstanding balance due under the Secured Claim.

11     11.   The loan will remain escrowed for taxes and Creditor will establish an escrow

12  account for all taxes on the Property advanced by Creditor.

13     12.   Debtor shall maintain insurance for the Property and provide proof of said

14  insurance to Creditor upon request on a timely basis.

15     13.   Except as otherwise expressly provided herein, all remaining terms of the Note

16  and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

17     14.   The acceptance by Creditor of a late or partial payment shall not act as a waiver of

18  Creditor's right to proceed hereunder.

19     15.   The terms of this Stipulation may not be modified, altered, or changed by the

20  Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of

    Reorganization and confirmation order thereon without the express written consent of the

21  Creditor. The terms of this Stipulation shall be incorporated into the Plan and/or any

22  subsequently filed Amended Chapter 11 Plan.

23     16.   In the event the Debtor's case is dismissed or converted to any other chapter

24  under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full

25  amount due under the Note and shall not be bound by the terms of this stipulation.

26     17.   If the Amended Chapter 11 plan is not at variance with this stipulation, in return

27  for the above, Creditor agrees to vote for the plan and this stipulation may be used as a ballot in

28

favor of the secured and unsecured classes

**.Class 5(j):** Secured claim of: One West Bank, FSB

Property address or description of collateral:
9642 Cedartree Rd. Downey, CA

| | |
|---|---|
| Priority of lien: | First and Retained |
| Total amount of allowed claim. | $271,547.08 |
| Amount of arrearages: | $11,504.50 |
| Regular Monthly Payment: | $1,457.72 |
| Interest rate: | 5% |
| Total payments: | $524,779.20 |

Payments:   8/1/2013 to 7/1/2043

This claim is on the first mortgage and is impaired since it dds the arrearage into the loan and fixes the interest payment at 5%. Taxes are impounded and insurance is being paid directly by debtor. Lender's claim is fully secured.

The exact terms of the stipulation are as follows:

18.     Creditor shall have a secured claim in the amount of $271,547.08 (the "Secured Claim") to be amortized over 30 years at 5% per annum.

19.     Debtor shall tender regular monthly principal and interest payments in the sum of $1457.72, commencing on August 1, 2013, and continuing until July 1, 2043, when all such outstanding amounts under the Secured Claim are to be paid in full. All payments made under this Stipulation will be credited to the outstanding balance due under the Secured Claim.

20.     The loan will remain escrowed for taxes and Creditor will establish an escrow account for all taxes on the Property advanced by Creditor.

21.     Debtor shall maintain insurance for the Property and provide proof of said insurance to Creditor upon request on a timely basis.

22.     Except as otherwise expressly provided herein, all remaining terms of the Note

11

and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

23.    The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

24.    The terms of this Amended Stipulation may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon without the express written consent of the Creditor. The terms of this Amended Stipulation shall replace the terms of the Stipulation filed on August 7, 2013 as docket number 151. The terms of this Amended Stipulation shall be incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization.

25.    In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note and shall not be bound by the terms of this stipulation.

26.    If the Amended Chapter 11 plan is not at variance with this stipulation, in return for the above, Creditor agrees to vote for the plan and this stipulation may be used as a ballot in favor of the secured and unsecured classes.

**Class 5(k):** Secured claim of: Richard & Jabet Freymond

Property address or description of collateral:
11839 Loma Dr. Whittier, Ca

| | |
|---|---|
| Priority of lien: | Third & Retained |
| Total amount of allowed claim. | $98,615.91 |
| Amount of arrearages: | $0 |
| Regular Monthly Payment: | $1,058.06 |
| Interest rate: | 5.25% |
| Total payments: | $126,967.20 |
| Payments:    4/1/2013 to 3/1/2023 | |

This claim is on the second mortgage and is impaired since it extends the loan to 10 years, fully amortized, and reduces the interest rate to 5.25%.

Monthly payments will be due on the first day of the month.

**C        Priority unsecured creditors:**

There are no priority unsecured Creditors.

**D.        General Unsecured Creditors (Class 6)**

Other general unsecured creditors will be paid 10% of their allowed claims without interest in equal monthly installments over 5 years. Under § 1129(a)(15), if an unsecured creditor objects to confirmation, an individual debtor must either pay the present value of that unsecured claim in full or make distributions under the plan totaling at least the value of the debtor's net disposable income over the greater of (a) five years or (b) the period for which the plan provides payments.[1] However, § 1129(a)(15) should be read and applied in conjunction with § 1123(a)(4) which provides that chapter 11 plan must provide the same treatment for each claim in the same particular class. See Article II of the Plan. At this time the total of the unsecured debt is $1,131,645.80. 10% of that amount is $131,645.80 or $2,194.10 a month for 60 months.

---

[1] This section should only be read to interpret "period for which the plan provides payments" as the five year period beginning on the Effective Date of the plan and not to the 30 year period over which time the mortgages are to be paid.

**Article III**

**Allowance and Disallowance of Claims**

A.   **Disputed Claim**. A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B.   **Delayed Distribution on Disputed Claims**. No distribution will be made on account of that portion of a claim that is disputed unless that claim is allowed by final non-appealable order.

C.   **Settlement of Disputed Claims**. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with FRBP 9019 unless the amount allowed by the compromise does not exceed $1,000.00, in which case no court approval is necessary.

**Article IV**

**Executory Contracts and Unexpired Leases**

A.   **Executory Contracts and Leases Assumed**. The Debtor assumes the executory contracts and unexpired leases, enumerated in Exhibit E to the Disclosure Statement, effective upon the Effective Date, and shall perform all obligations thereunder, both pre-confirmation and post-confirmation. Any preconfirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance. Post confirmation obligations will be paid as they come due.

B.   **Executory Contracts and Leases Rejected**. The Debtor is conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit E to the Disclosure Statement as of the Effective Date. A

14

1  proof of claim arising from the rejection of an executory contract or unexpired lease

2  under this section must be filed no later than 30 days after the date of the order

3  confirming this Plan. Claims arising from the rejection of an executory contract or

4  unexpired lease under this section are general unsecured claims in Class 6, except to

5  the extent this court orders otherwise.

6                          **Article V**

7                    **Means of Implementation**

8        **A.    Available Cash.** Debtor projects $110,633.14 cash will be available on the

9  Effective Date. This is comprised of disposable income $22,601.50 (4 months at

10  $5,650.37 a month), cash on hand ($45,202.64) and rents received on the effective date

11  ($42,829.00.)

12       **B.    Sale of Assets.** NONE

13       **C.    Future disposable income.** Debtor estimates that projected monthly

14  disposable income available to Creditors for the 5 year period following confirmation will

15  be $4,881.00 after all personal expenses, the UST fee, all mortgages, utilities and

16  maintenance and after paying the taxes in full.

17       **D.    Other sources of funding, as follows:**

18        Salary, Pension and Rents.

19                          **Article VI**

20          **Discharge and Other Effects of Confirmation**

21       **A.    <u>Discharge</u>.** Upon completion of all unsecured payments under the plan, the

22  Debtor shall receive a discharge of all pre-confirmation debts, whether or not the

23  creditor files a proof of claim, or accepts the Plan, unless the court orders otherwise.

24  Such discharge will not discharge Debtor from any debts that are non-dischargeable

25  under § 523 or the obligations created by this Plan.

26

27

28
                              15

1    **B.** <u>**Vesting of Property**</u>. On the Effective Date, all property of the estate will

2  vest in the reorganized debtor pursuant to § 1141(b), free and clear of all claims and

3  interests except as provided in the Plan.

4    **C.** <u>**Plan Creates New Obligations**</u>. Except as otherwise stated in the Plan, the

5  payments promised in the Plan constitute new contractual obligations that replace those

6  obligations to creditors that existed prior to the Effective Date.

7    **D.** <u>**Creditor Action Restrained**</u>. Creditors may not take any action to

8  enforce either pre-confirmation obligations or obligations due under the plan, so long as

9  the Debtor is not in material default under the Plan. If the Debtor is in material default

10  under the Plan, affected creditors may: (i) take any actions permitted under non-

11  bankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case or to

12  convert this case to a Chapter 7 bankruptcy case.

13    **E.** <u>**Material Default Defined**</u>. If Debtor fails to make any payment required

14  under the Plan, or to perform any other obligation required under the Plan for more than

15  14 days after the time specified in the Plan, the affected creditor may serve upon Debtor

16  and Debtor's attorney (if any) a written notice of default. The Debtor is in material

17  default under the Plan if the Debtor fails within 21 days of the service of such notice of

18  default, plus 3 additional days if served by mail, either: (i) to cure the default or (ii) to

19  obtain from the Court an extension of time to cure the default or a determination that no

20  default occurred.

21    **F.** <u>**Retention of Jurisdiction**</u>. This court will retain jurisdiction until all Plan

22  payments have been made.

23                                   **Article VII**

24                              **General Provisions**

25    **A.** <u>**Definitions and Rules of Construction**</u>. The definitions and rules of

26  construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms

27  defined or construed in the Bankruptcy Code are used in the Plan.

28

**B.**    <u>**Effective Date of Plan**</u>. The Effective Date of the Plan is the first of the month following the hearing at which the plan is confirmed unless a stay of the confirmation order is in effect, in which case the Effective Date will be the first business day after the date on which the stay of the confirmation order has been lifted, provided that the confirmation order has not been vacated.

**C.**    <u>**Cramdown**</u>. Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b) of the Bankruptcy Code.

**D.**    <u>**Binding Effect**</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

**E.**    <u>**Captions**</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

**F.**    <u>**Controlling Effect**</u>. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the FRBP), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

**G.**    <u>**Final Decree**</u>. Pursuant to FRBP 3022, a Final Decree may not be entered until a bankruptcy case is fully administered. The court may, however, allow a Final Decree at an earlier date if requested in Miscellaneous Provisions (below) or for cause shown.

**H.**    <u>**Severability**</u>. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

**I.**    <u>**Miscellaneous**</u>. The Debtor may file a request that the Court enter a Final Decree and Close the Case upon proof by Debtor of substantial consummation as defined in §§ 1101(2) and 350. If requested, upon motion, the Court also has discretion

1   under § 1141(d)(5)(b) to enter a Discharge, exclusive of payments required under the

2   terms of the Plan.

3

4                                                        Respectfully submitted,

5

6

7                                               By:

8                                                        Hector Antonio Alvarado
                                                         Debtor in Possession
9

10

11

12                                              By:

13                                                       Michael R. Totaro
                                                         Attorney for the Debtor
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: P.O. Box 789, Pacific Palisades, CA 90272

A true and correct copy of the foregoing document entitled (*specify*): Fourth Amended Chapter 11 Plan will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 25, 2013 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

      See Attached

                  ☒   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On September 25, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Mark S. Wallace 411 W. Fourth St. Santa Ana, CA 92701
Hector Antonio Alvarado, 11191 Sherman Ave. Garden Grove, CA 92843
Securities and Exchange Commission, Attn. Bankruptcy Counsel, 5670 Wilshire Blvd. 11th Fl., Los Angeles, CA 90036

                  ☐   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

                  ☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 25, 2013 | Michael R. Totaro | /s/ Michael R. Totaro |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

ECF Filing List

1  • Patrick K Bruso    generalmail@alvaradoca.com

2  • Jennifer Witherell Crastz    jcrastz@hemar-rousso.com

3  • Lesley Davis    lbd@kpclegal.com

4  • Brandye Foreman    bforeman@mclaw.org

5  • Nancy S Goldenberg    nancy.goldenberg@usdoj.gov

6  • Anthony G Lagomarsino    lagos6@sbcglobal.net

7  • Mitchell B Ludwig    mbl@kpclegal.com

8  • Penelope Parmes    pparmes@rutan.com

9  • Daniel I Singer    bankruptcy@zievelaw.com

10  • Randye B Soref    rsoref@polsinelli.com

11  • Michael R Totaro    tsecfpacer@aol.com

12  • United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

13  • Darlene C Vigil    cdcaecf@bdfgroup.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Manuel Service List

**ALEJANDRA ESTRADA**
11839 LOMA DR. #1
WHITTIER, 90604

**ANTONIO RAMIREZ**
1153 N. DITMAN AVE.
LOS ANGELES, CA 90063

**AURORA LOAN SERVICING**
4375 JUTLAND DR. #200
P.O. BOX 17933
SAN DIEGO, CA 92117

**BARBARA HENDESON**
11839 LOMA DR. #4
WHITTIER, 90604

**BRANDICE GAMAAS**
11839 LOMA DR. #12
WHITTIER, 90604

**Capital One Bank (USA), N.A.**
PO Box 71083
Charlotte, NC 28272-1083

**CAPITAL ONE, NA**
ATTN. BANKRUPTCY/CCAT
DEP 2739 LIBERTY AVE
PITTSBURG, PA 15222

**Carrington Mortgage Services, LLC**
1610 East Saint Andrew Place,Suite B150
Santa Ana, CA 92705

**DANIEL SEIDNER**
11839 LOMA DR. #3
WHITTIER, 90604

**ELIAS LIMON**
11839 LOMA DR. #11
WHITTIER, 90604

**ERICKA GRIFFIN**
644 E. 85TH ST.
LOS ANGELES, CA 90001

**FELIX PADILLA**
11839 LOMA DR. #8
WHITTIER, 90604

**FRANCHISE TAX BOARD**
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

**FULLERTON COMMUNITY BANK**
200 W. COMMONWEALTH AVE.
FULLERTON, CA 92832

**GERALD HAENDIGES**
13808 SUNSET DR.
WHITTIER, CA 90602

**JARINA CARAVANTES**
11839 LOMA DR. #10
WHITTIER, 90604

**JAVIER NAJERA**
11839 LOMA DR. #15
WHITTIER, 90604

**JESSICA WINTERS**
3320 POMEROY
LOS ANGELES, CA 90063

**JOSEPH RUIZ**
1151 1/4 N. DITMAN AVE.
LOS ANGELES, CA 90063

**JP MORGAN CHASE BANK, NA**
OH 4-7133, PO BOX 182349
COLUMBUS, OH 43219

**JP MORGAN CHASE BANK, NA**
CHASE RECORDS CENTER
MAIL CODE LA4-5555
700 KANSAS LN
MONROE, LA 71203

**JPMorgan Chase Bank, N.A.**
c/o Five Lakes Agency, Inc.
P.O. Box 80730
Rochester, MI 48308-0730

**JPMorgan Chase Bank, National Association**
Chase Records Center, Attn: Corresponden
Mail Code LA4-5555, 700 Kansas Lane
Monroe, LA 91203

**LAURA FLORES**
9642 CEDARTREE RD.
DOWNEY, CA 90240

**LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR**
P.O. BOX 54110
LOS ANGELES, CA 90054-0110

**LOUIE PEREZ**
8123 NEWCASTTLE
WHITTIER, CA 90605

**LUZ MENDOZA**

22

1      11839 LOMA DR. #6
2      WHITTIER, 90604

**MARLENE MARTINEZ**
3      3217 FOLSOM ST.
     LOS ANGELES, CA 90063
4

**MICHELLE NEWMYER**
5      11839 LOMA DR. #9
     WHITTIER, 90604
6

**MIGUEL DELCID**
7      11839 LOMA DR. #7
     WHITTIER, 90604
8

**NCO FINANCIAL**
9      P.O. BOX 41726
     PHILADELPHIA, PA 19101
10

**ONEWEST BANK FSB**
11      2900 ESPERANZA CROSSING
     AUSTIN, TX 70750
12

**OneWest Bank, FSB**
13      PO Box 829009
     Dallas, TX 75382-9009
14

**OneWest Bank, FSB**
15      2900 Esperanza Crossing
     Austin, TX 78758
16

**Opus Bank**
17      c/o Mitchell B. Ludwig
     Knapp, Petersen & Clarke
18      550 No. Brand Blvd., Ste. 1500
     Glendale, CA 91203

**Pacific Western Bank**
19      c/o Hemar, Rousso & Heald, LLP
     15910 Ventura Blvd., 12th Floor
20      Encino, CA 91436

**PACIFIC WESTERN BANK**
21      P.O. BOX 131207
     CARLSBAD, CA 92013
22

**PETRA FLORES**
23      11210 NEWGATE AVE.Q
     WHITTIER, CA 90605
24

**PRUDENTIAL REALTY**
25      12501 PHILADELPHIA ST.
     WHITTIER, CA 90601
26

**RAY ROMERO**
27      11839 LOMA DR. #5
     WHITTIER, 90604
28

1

2

**RESCUE ROOTER**
740 N. HARITON ST.
ORANGE, CA 92868

3

**Richard and Jabet Freymond**

4

5

**RICHARD FREYMOND**
3222 LA PLATA AVE.
HACIENDA HEIGHTS, CA 91745

6

7

**SHELLY DILGER**
11839 LOMA DR. #14
WHITTIER, 90604

8

9

**SHERRY NORMAN**
12648 LMONITE G-2
CORONA, CA 92880

10

**SHERRY PACK**
11839 LOMA DR. #2
WHITTIER, 90604

11

12

**TISHEKA MORGAN**
646 E. 85TH ST.
LOS ANGELES, CA 90001

13

14

15

**U.S. Bank National Association**
c/o Ocwen Loan Servicing, LLC
Attn: Bankruptcy Department
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409

16

17

**VICTOR GUZMAN**
3217 1/2 FOLSOM
LOS ANGELES, CA 90063

18

19

20

**WELLS FARGO BANK**
COLLECTON SERVICING 1ST FL.
MAC X2505-016
1 HOME CAMPUS
DES MOINES, IA 50328

21

22

**Wells Fargo Bank, N.A.**
Business Direct Division
P.O.Box 29482
Phoenix, AZ 85038-8650

23

24

25

**WELLS FARGO BANK, NA**
BANKRUPTCY DEPT
3476 STATEVIEW BLVD. X7801-014
FT. MILL, SC 29715

26

27

28

**Wells Fargo Home Mortgage**
c/o Wells Fargo Bank NA
Attn: BK Dept MAC #T7416-023
4101 Wiseman Blvd.
San Antonio, TX 78251

1

2

3

**WELLS FARGO HOME MORTGAGE**
MACX 2303-01A
1 HOME CAMPUS
DES MOINES, IA 50328

**YVONNE MINJAREZ**
1151 1/2 N. DITMAN AVE.
LOS ANGELES, CA 90063

**ZULEMA ESPINOSA**
1151 N. DITMAN AVE.
LOS ANGELES, CA 90063

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28